UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK W. MOREHEAD,

      Plaintiff,

v.           Case No. 17-cv-1320-pp

MILWAUKEE COUNTY
POLICE DEPARTMENT,
and MR. BOAZ,

      Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT (DKT. NO. 1)**

---

This case currently is assigned to Magistrate Judge Nancy Joseph. Although the plaintiff has consented to Judge Joseph hearing and deciding the case, the defendants have not yet had the opportunity to decide whether to consent, because until now, the court has not screened the complaint and decided whether it should be served on the defendants. Because *both* parties have not yet consented to the magistrate judge hearing the case, the district court judge will screen the complaint.

**I. Motion for Leave to Proceed without Prepayment of the Filing Fee**

In addition to filing a complaint, the plaintiff filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without

prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On October 20, 2017, Judge Joseph ordered the plaintiff to pay an initial partial filing fee of $16.00 by November 13, 2017. Dkt. No. 6. The plaintiff paid the fee on November 2, 2017. Accordingly, the court will grant the plaintiff's motion to proceed without prepayment of the filing fee. The court will order the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

## II.     Screening the Plaintiff's Complaint

The PLRA requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.   The Plaintiff's Allegations

The plaintiff alleges that, on August 27, 2017, Milwaukee Police Department officers detained him. Dkt. No. 1 at 2. The plaintiff states that, after sitting in the back of several squad cars for a long time, officers took him to District #1. Id. Defendant Boaz was the booking officer. Id.

The plaintiff explains that Boaz took his fingerprints, and collected all of his personal property—credit cards, bus passes, cash, shoe strings. Id. The plaintiff states that he was searched more than four times (the court assumes Boaz performed all of the searches, but the complaint is not clear on this point). Id.

At one point, Boaz allegedly told the plaintiff that he smelled like marijuana, and instructed him to stand up. Id. The plaintiff states that he spread his legs and put his hands up to facilitate Boaz's search. Id. He alleges that, while Boaz was searching him, Boaz gripped and pulled his penis and

3

testicles. Id. The plaintiff states that he quickly jumped away and alerted the arresting officer to Boaz's actions. Id. The plaintiff asserts that the only response was that a different officer took his prints a second time. Id. The plaintiff states that someone asked him a few medical questions and sent him to a holding cell. Id.

The plaintiff asks the court to award compensatory and punitive damages. Id. at 4.

B. The Court's Analysis

The plaintiff has named two defendants—the Milwaukee County Police Department and Boaz. The plaintiff cannot pursue a §1983 claim against the Milwaukee Police Department, because it is not subject to suit under §1983. State law determines the capacity of an entity to sue or be sued. Fed. R. Civ. P. 17(b). Wis. Stat. §62.50 governs the City of Milwaukee's police department, and it does not authorize the police department to sue or be sued. See Grow v. City of Milwaukee, 84 F.Supp.2d 990 (E.D. Wis. 2000) (abrogated on other grounds by Driebel v. City of Milwaukee, 298 F.3d 622 (7th Cir. 2002)). Further, because the police department is an agency of the City of Milwaukee, it cannot be sued separate from the city. See Averhart v. City of Chicago, 114 Fed.Appx. 246, 247 (7th Cir. 2004). The court will dismiss it as a defendant.

The court will allow the plaintiff to proceed on a Fourth Amendment unlawful search/seizure claim against Boaz based on his allegations that Boaz "gripped" and "pulled" his penis and testicles when he searched the plaintiff. Fourth Amendment claims usually arise in the context of a defendant

4

challenging the legality of his arrest in his criminal case. But here, the plaintiff seeks damages for a civil rights violation, rather than challenging a criminal conviction. The court finds that the plaintiff's claim is not barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Essentially, the plaintiff argues something similar to an excessive force claim. In order for a pretrial detainee such as the plaintiff to state an excessive force claim under §1983, he must show that the defendant "purposefully or knowingly" used force against him, and that that force was "objectively unreasonable." Kingsley v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015). Courts look at this question "from the perspective of a reasonable officer on the scene." Id. They consider excessive force claims on a case-by-case basis, looking at

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. (citing, e.g., Graham v. Connor, 490 U.S. 386, 396 (1989)).

The plaintiff has alleged that he was in custody, cooperating with a search and not resisting, when Boaz—for no reason—gripped and pulled his genitals. At this early stage, the plaintiff has stated sufficient facts to allow him proceed on a Fourth Amendment excessive force claim against Boaz.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** the Milwaukee Police Department as a defendant.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on defendant Boaz Under Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that defendant Boaz shall file a responsive pleading to the complaint.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $334.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state

or federal—the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

The court will mail a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** the clerk's office to return this case to Judge Joseph for further proceedings.

The court **ORDERS** that the parties may not begin discovery until after Judge Joseph enters a scheduling order setting deadlines for discovery and dispositive motions.

The court further **ORDERS** that the plaintiff shall submit all correspondence and case filings to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendant. The defendant will be served electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court.

The court advises the plaintiff that if he does not file documents or take other required actions by the deadlines the court sets, the court could dismiss his case for failure to prosecute. The parties must notify the Clerk of Court of

any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 5th day of March, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**